GLADNEY, Judge
(dissenting).
The trial court applying the provisions of the Workmen’s Compensation Act, LSA -R.S. 23:1221(1) and 1222 awarded compensation for temporary total disability for a period of fifty weeks. The foregoing statutory provision vests the court with discretion to award compensation for a fixed number of weeks in cases of temporary total disability, where there is evidence upon which the probable duration of disability can be definitely determined. Our jurisprudence, in interpreting the above statutory enactment, has ruled generally that where medical testimony indicates the employee can return to work without experiencing pain or disability by reason of his employment accident, the award should be for a fixed number of weeks, and where it does not appear within a reasonable degree of definiteness the claimant would be able to return to work without disability but that the injury is not permanently disabling, an award of compensation should be made for temporary total disability for a period not exceeding three hundred weeks.
In the instant case it is my understanding a preponderance of the medical testimony convincingly shows Williams could return to his work within a period of fifty weeks following the accident without any residual from the employment injury. Although some of the appellate courts have rendered judgments of temporary total disability and awarded compensation for a period not exceeding three hundred weeks, even where it was established the claimant *326 was able to fully resume his employment duties within a fixed period of time, such decrees undoubtedly may require the employer to pay compensation not sanctioned by the statute. My viewpoint is illustrated in the case of Fontenot v. Myers, La.App. 1957, 93 So.2d 245, 251, wherein Judge Tate of the First Circuit found in that case that the disability of the claimant should according to the uncontradicted testimony of the physicians, disappear or be greatly minimized within a relatively short period which should have expired by the time of the trial. In awarding compensation for temporary total disability for a fixed period less than three hundred weeks, the court stated:
“Usually in cases of temporary total disability, the preferable decree is to award compensation during disability, not to exceed 300 weeks, LSA-R.S. 23:1221(1), Newman v. Zurich General Accident & Liability Ins. Co., La.App. 1 Cir., 87 So.2d 230. But such a decree herein may force defendant to pay compensation long beyond the persistence of this disability originating from trivial injury, even if we rer serve to defendant the right to reopen these proceedings immediately rather than waiting for the statutory period of six months from finality of this judgment, which may be done in exceptional cases, see Newman opinion on first hearing. For in the ordinary course of events, with rehearings and applications for certiorari, this opinion will probably not be final sooner than three or four months from now, or about a year beyond the probable duration of total disability.”
In the instant case the employee was treated by Dr. W. K. Eichelberger from March 12th through May 19, 1958, who testified the employee would be fully able to resume the duties of his employment by the middle of June, 1958. The injuries complained of by Williams were confined to a severe bruise of the calf of the right leg. Williams did not complain of any injury to his neck to Dr. Eichelberger, nor to Dr. Ray E. King, orthopedist, who examined him on June 9, 1958. Dr. King could find no residual of the leg injury and was of the opinion that a full recovery had been experienced as to any injuries complained of arising from the employment accident. The employee was next examined by Dr. D. F. Overdyke, Jr., orthopedist, on August 18, 1958, having been sent to this specialist by Dr. Phillips, a colored physician who did not testify in the case. Dr. Overdyke testified he could find no disability or residual from the leg injury and stated plaintiff’s complaints “were relatively minor as regards the neck itself”, and he said he would have to rely upon the findings of Dr. Eichelberger as to the leg injury. The only medical evidence tendered was that of Dr. G. H. Cassity, a general physician, who made an examination of plaintiff on December 8, 1958, solely for the purpose of evaluation and testimony.
The overwhelming preponderance of the testimony, in my opinion, supports the judgment of the trial court and definitely shows plaintiff’s recovery from the occupational injury would be complete within fifty weeks after the date of the accident, and he could within that period fully resume the duties of his employment without any greater discomfort than he had suffered prior to the emplojunent injury.
In my opinion the judgment of the district court should not have been disturbed and that by altering the decree the decision of this court awards to the plaintiff unmerited compensation. Therefore, I respectively dissent.